Michael D. Rounds
Nevada Bar No. 4734
Melissa P. Barnard
Nevada Bar No. 4916
Adam K. Yowell
Nevada Bar No. 11748
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV  89511-2083
Telephone: (775) 324-4100
Facsimile: (775) 333-8171
E-Mail: mrounds@watsonrounds.com
E-Mail: mbarnard@watsonrounds.com
E-Mail: ayowell@watsonrounds.com

Attorneys for Plaintiff/CounterDefendant
BALLY TECHNOLOGIES, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| BALLY TECHNOLOGIES, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> v. <br><br> BUSINESS INTELLIGENCE SYSTEMS SOLUTIONS, INC., a California corporation, <br><br> Defendant. | Civil Action No. 2:10-cv-440-PMP-RJJ <br><br> **STIPULATED PROTECTIVE ORDER** |

WHEREAS Plaintiff Bally Technologies, Inc. ("Bally") and Defendant Business Intelligence Systems Solutions, Inc. ("BIS2") are parties to the above referenced patent infringement case (hereinafter, the "Litigation");

WHEREAS, discovery in this Litigation may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a non-party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for entry of this Order, *see* Fed. R Civ. P. 26(c), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS, this Protective Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS, all parties agree to the terms of this Protective Order to protect their confidential documents and information;

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of the following Protective Order pursuant to Fed. R. Civ. P. 26(c), and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY STIPULATED, AGREED, ORDERED BY THE COURT, as follows:

1. **Scope of Protective Order.**

This Order shall apply to all information, documents, things, responses to discovery, and testimony produced or within the scope of discovery in this Litigation, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions and upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to this Litigation or any non-party.  The

-2-

1  party or non-party producing such information is referred to both in the singular and in the

2  plural hereafter as the "Producing Party," and the party receiving such information is referred

3  to hereafter as the "Receiving Party."

4  2.  **Definitions.**

5       The terms "CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL

6  INFORMATION" as used herein, are defined as follows:

7      A.  "CONFIDENTIAL INFORMATION" means any form of trade secret or other

8          confidential research, development, or commercial information within the

9          meaning of Fed. R. Civ. P. 26(c).  The designation of "CONFIDENTIAL

10         INFORMATION" by a Producing Party constitutes its representation that it

11         reasonably and in good faith believes that the designated material constitutes or

12         contains information in one or more of the foregoing categories within the

13         meaning of Fed. R. Civ. P. 26(c).  Further, CONFIDENTIAL

14         INFORMATION includes:  (a) all copies, extracts, and complete or partial

15         summaries prepared from CONFIDENTIAL INFORMATION and (b) portions

16         of briefs, memoranda, or any other writings filed with the Court and exhibits

17         thereto that contain, summarize, or reflect the content of any such

18         CONFIDENTIAL INFORMATION.

19     B.  "HIGHLY CONFIDENTIAL INFORMATION" means CONFIDENTIAL

20         INFORMATION that, in addition to meeting the requirements of paragraph A,

21         is of such a sensitive nature that it supports a reasonable and good faith belief

22         that granting access to such information to an employee or officer of a

23         competitor will place the Producing Party at a competitive disadvantage.

24      Further, HIGHLY CONFIDENTIAL INFORMATION includes:  (a) all copies,

25 extracts, and complete or partial summaries prepared from HIGHLY CONFIDENTIAL

26 INFORMATION and (b) portions of briefs, memoranda, or any other writings filed with the

27

28                -3-

1  Court and exhibits thereto that contain, summarize, or reflect the content of any such

2  HIGHLY CONFIDENTIAL INFORMATION.

3  3.    **Non-Parties Under The Protective Order.**

4         This Protective Order shall apply to any information provided by a non-party in

5  discovery in the Litigation.  With respect to such information provided and so designated by a

6  non-party, such non-party has the same rights and obligations under this Protective Order as

7  held by the Parties to the Litigation, and the Parties will treat such information in accordance

8  with this Protective Order.

9  4.    **Marking Documents and Things.**

10        Each page of a document and each thing that constitutes or contains CONFIDENTIAL

11  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked

12  respectively with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY

13  CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY" when the document or

14  thing is produced to the Receiving Party.  To the extent practical, the "CONFIDENTIAL

15  INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS EYES

16  ONLY" legend shall be placed near the production number.  Anything that cannot be so

17  labeled or marked on its face shall be labeled or marked by placing the appropriate legend on

18  a container or package in which it is produced or on a tag attached thereto.  Material produced

19  without any such legend shall not be subject to the protections afforded such information

20  under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or

21  designated in accordance with paragraph 8 of this Protective Order.  Inspection of

22  CONFIDENTIAL OR HIGHLY CONFIDENTIAL materials shall be conducted only by

23  persons eligible under paragraphs 11 and 12 below.  Such persons shall initially treat all

24  materials disclosed during any inspection as containing HIGHLY CONFIDENTIAL

25  INFORMATION.  If the inspected materials are produced, such materials shall be thereafter

26  treated by the Receiving Party in accordance with the confidentiality designation made at the

27  time of their production.

28                                    -4-

5.       **Marking Interrogatories, Requests for Admissions, and Deposition Testimony on Written Questions.**

Each page of any response to interrogatories, response to requests for admissions, and deposition testimony upon written questions that constitutes or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked respectively with the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION—ATTORNEYS EYES ONLY" when the response or testimony is served upon the Receiving Party.  Such responses or testimony served without any such legend shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with paragraph 8 of this Protective Order.

6.       **Marking Deposition Testimony.**

Any portion of a deposition may be designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION during the deposition itself.  Regardless of whether such a designation is made during the deposition, all testimony adduced at depositions and any transcripts thereof will be presumptively treated as HIGHLY CONFIDENTIAL INFORMATION for a grace period beginning from the date of the deposition until  twenty (20) days after a complete copy of the transcript has been provided to the deponent or the deponent's counsel.  Within this twenty-day grace period, any party may designate any additional portion of any deposition transcript as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by specifying in writing to  counsel the portion of the transcript believed to constitute or contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by page and line number. If no such designation is made during a deposition or the twenty-day grace period, the transcript from such deposition shall not be subject to the protections afforded such information under this Protective Order unless otherwise agreed by the Parties, ordered by the Court, or designated in accordance with paragraph 8 of this Protective Order.

-5-

Stipulated Protective Order
2:10-cv-440-PMP-RJJ

7.      **Limitations on Attendance at Depositions.**

Counsel for a Producing Party may request that all persons other than the witness, the court reporter, those individuals specified in paragraphs 11 and 12, and counsel for the witness (if a non-party witness) leave the deposition room during any portion of a deposition that inquires about or discloses subject matter that such counsel deems CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  If such individuals fail to comply with such a request, the requesting counsel for the Producing Party may seek relief from the appropriate Court, and, pending resolution of that request, instruct or request the witness not to answer questions relating to, or to limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

8.      **Inadvertent Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.**

If a Producing Party inadvertently or mistakenly produces any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION without labeling, marking, or designating it as provided in this Protective Order, the Producing Party may, within ten (10) business days after learning of the inadvertent or mistaken production, give written notice to the Receiving Party that the material at issue is or contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with this Protective Order.  In such instance, the Producing Party shall also provide copies of the material at issue properly marked as required under this Protective Order.  Upon receipt of such notice and properly marked material, the Receiving Party shall treat such information consistent with the re-designation.  Disclosure of such information to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to receipt of such notice shall not be deemed a violation of this Protective Order.

Should any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by the receiving party to

-6-

any person or party not authorized under this Protective Order, then the receiving party shall (a) use its best efforts to obtain the return of any such material or information and to bind such person to the terms of this Protective Order, (b) within three (3) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and request such person to sign the Undertaking in the form attached hereto as Exhibit A, and (c) within five (5) business days of the discovery of such disclosure, provide written notice to the producing party of the unauthorized disclosure, including the identity of the unauthorized recipient and the confidential information disclosed.

9.    **Inadvertent Production of Privileged or Work Product Information.**

The inadvertent production during discovery of any document or other information subject to the attorney-client privilege, work product immunity, or other privilege shall be without prejudice to any claim that such material is privileged or protected from discovery. Upon receiving a written request to do so from the Producing Party, the Receiving Party shall immediately return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced.  The Receiving Party also shall destroy any extra copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.  The Receiving Party may move the Court for an Order compelling the production of such information, but such a motion does not relieve the Receiving Party of complying with the immediately preceding two sentences of this Order.  The Producing Party shall retain copies of all returned documents and tangible things, and if such a motion is filed by the Receiving Party, shall upon request provide copies to the Court of the documents, things, or information that are the subject of the motion.  The party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists.  Notwithstanding the above, recognizing the need for the parties to prepare their cases based on the discovery that is produced, if any information, document, or tangible thing is used or referenced in a court hearing, deposition, motion, expert report, or pretrial

-7-

1    order, or is otherwise used openly in the case, any claim of inadvertent production must be

2    made within ten (10) business days after such use.

3    10.    **Disclosure and Use of Designated Materials.**

4            Subject to the limitations and restrictions of this Protective Order and any further order

5    of the Court, material designated CONFIDENTIAL INFORMATION or HIGHLY

6    CONFIDENTIAL INFORMATION as described in this Protective Order may be used in

7    testimony at trial, offered into evidence at trial and/or other hearings, and used to prepare for

8    and conduct discovery, to prepare for trial, and to support or oppose any motion in the

9    Litigation.  Such material shall remain confidential at trial, and during any appeals to the

10   Litigation, except to the extent made public in open court, and may not be used for any

11   purpose or in any manner other than as permitted by this Protective Order or by further order

12   of the Court.

13           Material designated CONFIDENTIAL INFORMATION or HIGHLY

14   CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used

15   only by persons permitted access to such information under this Protective Order, shall not be

16   disclosed by the Receiving Party to any party or person not entitled under this Protective

17   Order to have access to such material, and shall not be used by the Receiving Party for any

18   purpose other than in connection with this Litigation, and expressly prohibiting, without

19   limitation, use for any research, development, manufacture, patent prosecution, financial,

20   commercial, marketing, regulatory, business, or other competitive purpose.  Absent consent of

21   the Producing Party and/or further order of this Court, all persons receiving information

22   designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

23   INFORMATION are expressly prohibited from using or disclosing such information in

24   connection with any practice before or communication with (including, but not limited to,

25   patent applications, citizens petitions, and other filings) the United States Patent and

26   Trademark Office.

27

28                                        -8-

                                        Stipulated Protective Order
                                        2:10-cv-440-PMP-RJJ

11.   **Access to CONFIDENTIAL INFORMATION.**

CONFIDENTIAL INFORMATION as described in this Protective Order may be disclosed to:

A.   Litigation counsel of record for the Parties and their data entry, information processing, computer support, litigation support, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; Subject to the provisions described later in this paragraph, two (2) in-house attorneys or other officer who is an attorney, and his stenographic and clerical employees whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION; provided: such person has completed a Confidentiality Agreement in the form of Exhibit A (attached hereto);

B.   Subject to the provisions described later in this paragraph, outside consultants or experts regarding any issue in this Litigation who are not current employees of any of the Parties to this Litigation or any divisions, subsidiaries, parents, or affiliates of any of the Parties to this litigation, whose advice and consultation are being or will be used in connection with this Litigation, including their stenographic and clerical personnel, provided each such person has completed a Confidentiality Agreement in the form of Exhibit A.

C.   Courts before which these actions are pending and their authorized staff, court reporters, and the jury;

D.   Any interpreter or translation service, and any typist or transcriber used thereby; and

E.   A party's outside copying, exhibit preparation, and computerized litigation support and information management services.

Stipulated Protective Order
2:10-cv-440-PMP-RJJ

CONFIDENTIAL INFORMATION shall not be disclosed to any of the persons described in subparagraph (B) for a period of ten (10) days after serving the Producing Party with such Undertaking and a curriculum vitae or resume (including employment history and list of publications) for any outside consultant or expert under subparagraph (B).  Service of the Undertaking shall be made by facsimile or electronic mail with a confirmation copy by mail.  The parties may agree in writing to shorten the waiting period for disclosure of confidential information.  Counsel for the Producing Party may within ten (10) business days after service of the Undertaking serve an objection if a reasonable basis for such objection exists.  CONFIDENTIAL INFORMATION will not be disclosed to the person as to whom objection was served, absent agreement by the Producing Party who served the objection.  If no such agreement is reached within ten (10) days after service of the objection, counsel for the Producing Party who served the objection may move the Court for an order denying disclosure of any CONFIDENTIAL INFORMATION to the person as to whom the objection was served.  If the Producing Party files such a motion, CONFIDENTIAL INFORMATION shall not be disclosed to the person as to whom the objection was served until the Court orders or agreement is reached that such disclosure may be made.  Failure to file such a motion shall operate as a waiver of such objection.

Any vendor described in paragraph 11(E) who is accessing CONFIDENTIAL INFORMATION on behalf of a party shall return to the party's counsel all copies of such documents as soon as the information has been encoded and loaded into the computer, copied, prepared or otherwise processed by the vendor.  Any vendor providing a party with ongoing access to CONFIDENTIAL INFORMATION shall provide limited and secure access to the information (such as information stored on a computer) and the vendor will take steps to provide access (e.g., through access codes or passwords) only to people who are entitled to access it under this Protective Order (including people retained or employed by the vendor entitled to such access).

-10-

12.    **Access to HIGHLY CONFIDENTIAL INFORMATION.**

HIGHLY CONFIDENTIAL INFORMATION is fully subject to the requirements and limitations set forth in paragraph 11 regarding the disclosure of CONFIDENTIAL INFORMATION, but shall be disclosed by the Receiving Party only to the individuals falling within subparagraphs (A), (B), (C), (D) and (E) of paragraph 11, excluding in-house counsel, parties to the Litigation, or any employees of the parties to the Litigation.  Prior to disclosure of HIGHLY CONFIDENTIAL INFORMATION to any of the persons described in subparagraph (B), counsel for the Receiving Party shall comply with the requirements of paragraph 11 for providing such person access to CONFIDENTIAL INFORMATION.

13.    **Access to Source Code**

With respect to any source code that is designated HIGHLY CONFIDENTIAL INFORMATION, the following restrictions shall apply:

A.    The source code shall be produced in text file format (or another format agreed to by the Receiving Party) on a CD, DVD, or other readily computer-accessible media (the "Source Code Media");

B.    The Receiving Party may not make any copies of the Source Code Media;

C.    The Receiving Party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of the Receiving Party's litigation counsel of record;

D.    The Receiving Party may use the Source Code Media to install the source code on a single, password-protected, non-networked computer at the offices of one individual falling within subparagraph (B) of paragraph 11; and

E.    Except when it is being used for the purposes of installing the source code on computers as allowed by subparagraphs C and D, above, the Receiving Party shall maintain the Source Code Media in a secure location at the offices of its litigation counsel of record.

14.    **Disclosure to Other Individuals.**

-11-

CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed also to persons not identified in paragraphs 11 and 12 as follows:

A. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to persons not identified in paragraphs 11 and 12 as agreed by the Producing Party;

B. Any Receiving Party may move the Court for an Order that a person not identified in paragraph 11 be given access to information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION or that a person not identified in paragraph 12 be given access to information designated HIGHLY CONFIDENTIAL INFORMATION.  If the motion is granted, such person may have access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking substantially in the form of Exhibit A attached hereto;

C. CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to and/or used to examine, at deposition, at trial, or at any other court hearing: (i) an individual who prepared, received, reviewed, or had knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as demonstrated by the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or foundation testimony and (ii) a currently employed employee, officer or director of a Producing Party but only the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of the Producing Party; and

D. A party may disclose or use in any manner or for any purpose any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

-12-

1        INFORMATION.

2    15.    **Request for Production in Another Action.**

3        If any Receiving Party (a) is subpoenaed or served with a demand in an action not

4    subject to this Protective Order, or (b) is served with any legal process by one not a party to

5    this Litigation, seeking any material designated CONFIDENTIAL INFORMATION or

6    HIGHLY CONFIDENTIAL INFORMATION by the Producing Party, such Receiving Party

7    shall object to its production to the extent permitted by law and shall give prompt written

8    notice to the Producing Party.  Should the person seeking access to the material designated

9    CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by the

10   Producing Party take action against such Receiving Party or anyone else covered by this

11   Protective Order to enforce such a subpoena, demand, or other legal process, such Receiving

12   Party shall allow the Producing Party to respond in the manner such party sees fit, including

13   by setting forth the existence of this Protective Order.

14   16.    **Filing Under Seal.**

15       If any party files CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

16   INFORMATION (including confidential portions of documents or transcripts) or any

17   document, pleading, or brief that discloses the substance or content of CONFIDENTIAL

18   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in connection with any

19   motion, other written submission, hearing or trial in this action, the filing party shall make

20   such filing under seal in accordance with the local rules of this Court and any other

21   procedures required by the Court; provided, however, that the burden of proving that such

22   information should be sealed shall at all times remain on the party which designated the

23   information CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

24   INFORMATION.

25   17.    **Challenging Designations.**

26       The acceptance by the Receiving Party of material designated CONFIDENTAL

27   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an

28                                    -13-

admission or concession, or permit an inference that such material is, in fact, confidential. Any Receiving Party may at any time request that the Producing Party cancel or modify a CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation. Such request shall be made to counsel for the Producing Party in writing and shall particularly identify the designated CONFIDENTAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that the Receiving Party contends is not CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and the reasons supporting that contention. If the Producing Party does not agree to remove or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within ten (10) business days of such request, the party contending that such documents or material are not properly designated may request by motion that the Court change the designation or remove such material from any or all of the restrictions of this Protective Order. On such a motion, the party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants the applicable protections under this Protective Order.

18. **Limitations on Advice to Clients.**

Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to its client, and in the course thereof, relying upon such attorney's examination of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to unauthorized persons.

19. **No Expansion of Federal Rules of Civil Procedure.**

Nothing in this Protective Order shall be construed (1) to affect or govern the scope of discovery in this Litigation; (2) to preclude any party from moving the Court for a further

-14-

1    order or modification pursuant to Fed. R. Civ. P. 26(c) or any other provision of the Federal

2    Rules of Civil Procedure; (3) to require a party to produce any CONFIDENTIAL

3    INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is not relevant and

4    discoverable pursuant to Fed. R. Civ. P. 26 and the surrounding case law; (4) to preclude any

5    party from moving the Court for an order compelling production or disclosure of such

6    material; or (5) to require production or disclosure of any CONFIDENTIAL INFORMATION

7    or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the Producing Party

8    to be protected from disclosure by the attorney-client privilege or the attorney work-product

9    immunity, or other privilege or immunity, so long as the withheld materials are identified in

10   the manner required by the Federal Rules of Civil Procedure.

11   20.    **Survival of Obligations under Protective Order.**

12         This Protective Order shall survive the final termination of this Litigation, including

13   all appeals, and continue to bind all persons to whom CONFIDENTIAL INFORMATION or

14   HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder to the extent such

15   material is not, or does not become, known to the public.  The Court retains jurisdiction

16   subsequent to any settlement or entry of judgment to enforce the terms of this Protective

17   Order.

18   21.    **Handling of CONFIDENTIAL INFORMATION AND HIGHLY**

19         **CONFIDENTIAL INFORMATION at the Conclusion of the Litigation.**

20         Upon final termination of this Litigation, including all appeals, outside counsel for

21   Receiving Party may retain one copy or sample of all material designated CONFIDENTIAL

22   INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, all papers filed with the

23   Court and exhibits thereto, all trial exhibits, and any other documents, things, copies, and

24   samples that include or reflect work product of the Receiving Party's counsel.  All other

25   copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY

26   CONFIDENTIAL INFORMATION (including without limitation all deposition transcripts,

27   production documents, and any other summaries, abstracts, excerpts, indices, and descriptions

28                                          -15-

of such material and information derived from such material) shall be: (i) assembled and returned (except for any that may be retained by the Court) to the Producing Party; or, alternatively, (ii) counsel for the Receiving Party may certify in writing the destruction thereof.

As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, the Receiving Party shall either delete all such information or secure it in a manner reasonably calculated to prevent unauthorized access to it.  As to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, located, stored, or accessible by any persons other than outside counsel for the Receiving Party, the Receiving Party shall, upon demand by the Producing Party within ninety (90) days of the Litigation termination, return all Source Code Media and destroy any media on which CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was electronically stored at any time, or otherwise take all steps necessary to irretrievably remove such information from any and all such media.

22.     **Publicly Available Information.**

The restrictions and obligations set forth herein relating to material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not apply to any information that the Producing Party agrees, or the Court rules, (a) should not be designated as such; (b) is or has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or agents in violation of this Protective Order; or (c) has come or shall come into the Receiving Party's legitimate knowledge or possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate any obligation to the Producing Party.  The restrictions and obligations set forth herein shall not prohibit discussions of any

-16-

material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION with any person who already has or obtains legitimate possession thereof.

23.     **Form of Document Production.**

The parties agree to the following with regard to the production of documents:

A.     To the extent reasonably practicable, all documents should be produced as
       Group IV TIFF images at 300 dpi named the same as the Bates number.  Color
       images should be provided in jpg format.

B.     A standard image load file indicating document boundaries and location of
       images should accompany the image.  The load file should be in a format that
       can be used as is or easily modified to accommodate loading into any industry
       standard litigation support software system.  The data fields in the image load
       file should be comma delimited.  The Opticon file format is recommended.

C.     Where reasonable, the parties will agree which documents will be provided
       with OCR data.  When provided, OCR should be provided at a document by
       document text file level by a third-party vendor.  There should be one OCR
       text file per document (not single page text files for each page), named the
       same as the beginning Bates number (Document ID) of the document.  The
       OCR text file for a document should reside in the same location (file directory)
       as the images for that document.  In order to assure that the OCR produced is
       comparable in this case, the OCR engine used will be one of the following
       industry accepted engines: Expression 7.x - Law4.x or Law5.x; Ipro - Current
       Version; Doculex - Current Version; Ribstone Systems - Current Version;
       Readiris - Current Version; Abby Finereader - Current Version; Prime OCR -

-17-

Current Version; Lead Tools - Current Version; Pegasus - Current Version.

D.    Accounting and financial data kept electronically in an accounting database (i.e., SAP) will also be produced in a uniquely delimited text file that can be electronically manipulated and can be loaded into various programs, including Microsoft Excel.  Also, the parties will agree to produce the queries that were run to collect the accounting and financial data that is produced.

E.    Copies of electronic documents in their native format may be made available on a case-by-case basis.  The parties will confer in good faith regarding the production of electronic documents in their native format and will seek court intervention only when it becomes clear that the parties are at an impasse.

24.    **Notices.**

Notices under this Protective Order shall be provided to the parties' respective counsel by electronic mail by the close of the business day unless this provision is modified by the parties in writing.  The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the close of the business day that the electronic mail was received in the office of counsel.

Notice to Bally shall be to:

    Michael D. Rounds
    WATSON ROUNDS
    5371 Kietzke Lane
    Reno, NV 89511
    Telephone: (775) 324-4100
    Facsimile: (775) 333-8171
    mrounds@watsonrounds.com

Notice to BIS2 shall be to:

    Michael N. Feder
    LEWIS & ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada  89169

-18-

Telephone: (702) 474-2612
Facsimile: (702) 216-6168
MFeder@LRLaw.com

25.     **Entry Of Protective Order.**

Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by all of the parties, it will be treated as though it has been "So Ordered."

-19-

**AGREED:**

Dated: August 13, 2010

For Plaintiff:

By: /s/ Michael D. Rounds
    Michael D. Rounds (NBN 4734)
    WATSON ROUNDS
    5371 Kietzke Lane
    Reno, NV 89511
    Telephone: (775) 324-4100
    Facsimile: (775) 333-8171
    mrounds@watsonrounds.com

For Defendant:

By: /s/ Robert W. Busby
    Michael N. Feder (NBN 7332)
    LEWIS & ROCA LLP
    3993 Howard Hughes Parkway
    Suite 600
    Las Vegas, Nevada 89169
    Telephone: (702) 474-2612
    Facsimile: (702) 216-6168
    MFeder@LRLaw.com

    Robert W. Busby *(Pro Hac Vice)*
    MORGAN LEWIS LLP
    1111 Pennsylvania Avenue, N.W.
    Washington, DC 20004
    Telephone: (202) 739-3000
    Facsimile: (202) 739-3001
    rbusby@morganlewis.com

    Andrew J. Gray IV *(Pro Hac Vice)*
    MORGAN LEWIS LLP
    2 Palo Alto Square, Suite 700
    Palo Alto, CA 94306
    Telephone: (650) 843-4000
    Facsimile: (650) 843-4001
    agray@morganlewis.com

**SO ORDERED:**

This __13th__ day of __August__, 2010

_____
UNITED STATES MAGISTRATE JUDGE

-20-

Exhibit A

## **CONFIDENTIALITY UNDERTAKING**

I, _____, being duly sworn, state
that:

(a)    My present residential address is:

_____.

(b)    My present employer is

_____

and the address of my present employer is

_____.

(c)    My present occupation or job description is

_____.

(d)    I have received and carefully read the Stipulated Protective Order in the
above-captioned case.  I certify that I understand the terms of that
Protective Order, recognize that I am bound by the terms of that Order,
and agree to comply with those terms.  Further, I understand that
unauthorized disclosure of any Designated CONFIDENTIAL
INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, or its
substance, may constitute contempt of this Court and may subject me to
sanctions or other remedies that may be imposed by the Court and
potentially liable in a civil action for damages by the disclosing party.

(e)    I agree to submit to the jurisdiction of the United States District Court for
the District of Nevada for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur
after termination of this Litigation.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____          _____