**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BALLY TECHNOLOGIES, INC. ) | |
| ) Plaintiff, ) | Case No. 2:10-cv-00440-PMP-GWF |
| ) vs. ) | **ORDER** |
| BUSINESS INTELLIGENCE SYSTEMS ) SOLUTIONS, INC. ) | **Motion to Compel (#77)** |
| ) Defendant. ) | |

This matter is before the Court on Defendant Business Intelligence Systems Solutions, Inc.'s ("BIS2") Emergency Motion to Compel the Deposition of Richard Haddrill and the 30(b)(6) Depositions of Bally Technologies, Inc. ("Bally") (#77), filed on August 8, 2011; Plaintiff Bally's Opposition to BIS2's Emergency Motion to Compel (#91); filed on August 15, 2011, and BIS2's Reply in Support of Motion to Compel (#96), filed on August 18, 2011.

The Court conducted a hearing on this matter on August 22, 2011, at which time it decided most of the issues raised in Defendant's motion to compel. The Court took under advisement whether Bally should be required to produce a Rule 30(b)(6) deponent to testify on "all facts and circumstances behind Bally's responses" to BIS2's Interrogatory No. 2 regarding ownership of the patents-in-suit. *See Motion to Compel (#77), pp. 10-11, Exhibit 4.* Bally objected to producing a witness to testify on this topic on the grounds that it is irrelevant. The circumstances relating to this topic and Bally's objection are as follows:

Bally's complaint alleges that BIS2 has infringed three patents, the '367 patent, the '194 patent and the '986 patent. (Bally has since abandoned its patent infringement claim with respect to the '194 patent.) Each of these patents was allegedly issued to Andrew J. Cardno. The

Complaint alleges that all rights and interests in these patents were assigned to Compudigm International Limited ("Compudigm") and that Compudigm thereafter assigned the full rights and interests in the patents to Bally. *Complaint (#1)*, ¶¶6-11. In its amended answer to Bally's complaint, BIS2 states that "Bally's alleged ownership of each patent-in-suit is disputed by the sole named inventor of each patent-in-suit, Mr. Andrew Cardno, in a Nevada state court action, *Cardno v. Compudigm International Ltd.*, Case No. A-09-605653-C, Dist.Ct., Clark County, Nevada." *Amended Answer, Affirmative Defenses and Counterclaim of Business Intelligence Systems Solutions, Inc. (#22)*, ¶¶ 7,9, and 11. BIS2's second affirmative defense also alleged that Bally lacks standing to sue based on the disputed ownership of the patents-in-suit. BIS2 again cited Mr. Cardno's Nevada state court lawsuit as the basis for this defense. Mr. Cardno is BIS2's Chief Technology Officer.

      Bally attached a copy of Mr. Cardno's Nevada District Court complaint as an exhibit to its opposition to the motion to compel. *Opposition (#91), Exhibit A.* Mr. Cardno's complaint alleged that Compudigm breached its employment agreement with him and made misrepresentations that induced him to assign his inventions and patent rights to Compudigm. As part of his claims for relief, Mr. Cardno requested that he be declared the rightful owner of the intellectual property produced by him, including those aspects of the inventions he contributed in the patents or patent applications to which he was the named inventor. Bally also attached the Nevada District Court's order which permitted it to intervene in the action as a defendant, and the May 2, 2011 order granting Bally's motion to dismiss Mr. Cardno's first amended complaint. *Opposition (#91), Exhibits B* and *C.* The latter order states in pertinent part:

> The Court finds that based upon waiver, comity, and the corporate status of Compudigm International, Ltd., Bally Technologies, Inc.'s Motion to Dismiss is hereby GRANTED and Andrew Cardno's First Amended Complaint shall be dismissed with prejudice.

*Id., Exhibit C*.

      Rule 41(b) of the Nevada Rules of Civil Procedure states that "[u]nless the court in its order of dismissal otherwise specifies, a dismissal under this subdivision or any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to

join a party under Rule 19 operates as an adjudication on the merits." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 715, 124 Nev. 1048, 1057-58 (2008). In *Five Star*, the Nevada Supreme Court held that an order dismissing plaintiff's complaint based on its counsel's failure to appear for a pretrial conference constituted an adjudication on the merits. Under the doctrine of claim preclusion or *res judicata*, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. The Nevada Supreme Court utilizes a three part test to determine whether claim preclusion applies. The test requires that (1) the parties or their privies are the same; (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. *Webster v. Advanced Management Group Nevada, LLC*, 2011 WL 3300196 (D.Nev. 2011) and *Five Star Capital Corp. v. Ruby*, 194 P.3d at 713.

Bally, as Compudigm's assignee of the patents, was in privity with Compudigm. Bally also intervened as the defendant in the state court action and obtained dismissal of Mr. Cardno's lawsuit with prejudice. BIS2's defense to Bally's claim that it is the owner of the patents is specifically based on Mr. Cardno's claim he is the lawful owner of the inventions and/or the patents. The validity or finality of the order in the state court action has not been disputed. That order therefore precludes BIS2 from relying on Mr. Cardno's claim of ownership as a defense to Bally's claim of ownership in this action. Legal title to a patent is a question of state law. *Enovsys LLC v. Nextel Communications, Inc.*, 614 F.3d 1333, 1342 (Fed.Cir. 2010). Accordingly, there is also no reason why this Court should not accord preclusive effect to the final order or judgment of the state court which adjudicates the allegedly contested claim or issue of ownership.[1]

Rule 26(b) of the Federal Rules of Civil Procedure authorizes a party to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Based on the

---

[1] BIS2 asserts that there is also some ongoing dispute between Compudigm and Mr. Cardno in New Zealand. BIS2 has not explained how that alleged foreign dispute will allow either it or Mr. Cardno to avoid the preclusive effect of the final order of Nevada state court on the issue of ownership.

preclusive effect of the order dismissing Mr. Cardno's Nevada state court action, the Court agrees with Bally that discovery on the issue of ownership of the patents-in-suit is irrelevant. BIS2 argued that it should nevertheless be permitted to depose Bally's Rule 30(b)(6) deponent on the "surrounding facts or issues" relating to ownership. BIS2 has not provided any more specific description as to what those issues are. Fed.R.Civ.Pro 30(b)(6) requires that the notice of deposition or subpoena describe with reasonable particularity the matters for examination. Inquiry regarding issues surrounding or relating to ownership of the patent, where the ownership of the patents is not itself a legitimately disputed issue, is simply too vague a topic upon which to require Bally to produce a Rule 30(b)(6) deponent. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel the Deposition of Richard Haddrill and the 30(b)(6) Depositions of Bally Technologies, Inc. ("Bally") (#77) is **denied** in regard Defendant's request that Plaintiff be required to produce a witness to testify on "all facts and circumstances behind Bally's responses" to BIS2's Interrogatory No. 2 regarding ownership of the patents-in-suit.

DATED this 24th day of August, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge