UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BALLY TECHNOLOGIES, INC., <br><br>  Plaintiff/Counter-Defendant, <br><br> v. <br><br> BUSINESS INTELLIGENCE SYSTEMS SOLUTIONS, INC., <br><br>  Defendant/Counter-Plaintiff. | 2:10-CV-00440-PMP-GWF <br><br> ORDER |

Presently before the Court is Defendant Business Intelligence Systems Solutions, Inc.'s ("BIS2") Motion for Attorneys' Fees (Doc. #177), filed on September 7, 2012. Bally Technologies, Inc. ("Bally") filed a Response (Doc. #181) on September 21, 2012. BIS2 filed a Reply (Doc. #185) on October 1, 2012. The Court held a hearing on the Motion on March 6, 2013. (Mins. of Proceedings (Doc. #213).)

Also before the Court is BIS2's Bill of Costs (Doc. #176), filed on September 6, 2012. Bally filed an Objection (Doc. #180) on September 20, 2012. BIS2 filed a Reply (Doc. #182) on September 24, 2012.

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. BIS2 moves for attorneys' fees in this patent case, arguing it is the prevailing party, the case is exceptional, and it therefore is entitled to $2,067,621 in attorneys' fees. Bally responds that BIS2 is not the prevailing party because, viewing the litigation as a whole, there is no prevailing party in light of the parties' mixed successes and failures. Bally therefore argues an award of attorneys' fees is inappropriate.

Bally further argues BIS2 did not establish by clear and convincing evidence that this case is exceptional.

A court may award reasonable attorneys' fees to the prevailing party in a patent case in "exceptional cases." 35 U.S.C. § 285. To establish it is the prevailing party, a party must show the court's actions resulted in a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604-605 (2001). "Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

In addition to demonstrating it is the prevailing party, a party must prove by clear and convincing evidence that the case is exceptional. MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 915 (Fed. Cir. 2012). Absent misconduct in the litigation or in securing the patent, a case is exceptional if it is "brought in subjective bad faith" and is "objectively baseless." Id. at 916. If the case is deemed exceptional, then the court must determine whether an award of attorneys' fees is justified. Id. Even in an exceptional case, it is within the court's discretion to determine whether to award attorneys' fees under § 285. Id.

Here, the Court finds it is unnecessary to determine whether BIS2 is the prevailing party for the purpose of § 285 because BIS2 fails to prove by clear and convincing evidence that Bally brought the litigation in subjective bad faith and that the litigation was objectively baseless. Given that this is not an exceptional case warranting an award of attorneys' fees, the Court will deny BIS2's Motion for Attorneys' Fees.

As for BIS2's Bill of Costs, BIS2 requests costs in the amount of $47,292.79. Bally objects that an award of costs is inappropriate because this case produced a mixed outcome and there is no prevailing party. BIS2 responds that it is the prevailing party under

Federal Rule of Civil Procedure 54(d)(1) because it prevailed on the patent infringement claims.

Rule 54(d)(1) provides in relevant part that the costs "should be allowed to the prevailing party" unless "a court order otherwise provides." Under Rule 54, there is a presumption in favor of awarding costs to the prevailing party unless the court exercises its discretion to refuse to award costs for a specified reason. Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc). It is within the court's discretion to require each party to bear its own costs in the event of a mixed judgment. Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996).

By BIS2 establishing its non-infringement of Bally's patents at summary judgment, BIS2 obtained a judicially sanctioned material alteration in its legal relationship with Bally and therefore prevailed on the patent infringement issue, which arguably was the overall objective of the litigation. However, this is a mixed judgment case in which there arguably were other objectives, such as the patent ownership issues as well as the intentional interference with prospective economic advantage and defamation counterclaims on which Bally prevailed. Given that this is a mixed judgment case with no overall prevailing party, the Court, in its discretion, will deny BIS2's Bill of Costs and require each party to bear its own costs.

///
///
///
///
///
///
///
///

3

1       IT IS THEREFORE ORDERED that Defendant Business Intelligence Systems
Solutions, Inc.'s Motion for Attorneys' Fees (Doc. #177) is hereby DENIED.

      IT IS FURTHER ORDERED that Defendant Business Intelligence Systems
Solutions, Inc.'s Bill of Costs (Doc. #176) is hereby DENIED.  Each party shall bear its own costs.

DATED: March 8, 2013

_____
PHILIP M. PRO
United States District Judge